1   WILLIAM SCOTT CAMERON (State Bar No. 10322)
scameron@kslaw.com
2   KING & SPALDING LLP
621 Capitol Mall, Suite 1500
3   Sacramento, CA 95814

4   Telephone:   +1 916 321 4800
Facsimile:   +1 916 321 4900
5

6   MICHAEL R. HOGUE (State Bar No. 12400)
hoguem@gtlaw.com
7   GREENBERG TRAURIG LLP
10845 Griffith Peak Drive
8   Las Vegas, NV 89135
Telephone:   +1 702 792 3773
9   Facsimile:   +1 702 792 9002

10   Attorneys for Defendant and Counter-Claimant
GORDIAN MEDICAL, INC., d/b/a
11   AMERICAN MEDICAL TECHNOLOGIES

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VOHRA WOUND PHYSICIANS MANAGEMENT, LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>    v.<br><br>GORDIAN MEDICAL, INC., d/b/a AMERICAN MEDICAL TECHNOLOGIES, a Nevada corporation; SUZETTE HOYT, an individual; and DOES I through X, inclusive,<br><br>       Defendants. | Case No. 2:19-cv-01825<br><br>**DEFENDANT AND COUNTER-CLAIMANT GORDIAN MEDICAL, INC. D/B/A AMERICAN MEDICAL TECHNOLOGIES' ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |
| GORDIAN MEDICAL, INC., d/b/a AMERICAN MEDICAL TECHNOLOGIES, a Nevada corporation,<br><br>       Counter-Claimant,<br><br>    v.<br><br>VOHRA WOUND PHYSICIANS MANAGEMENT, LLC, a Delaware limited liability company,<br><br>       Counter-Defendant. | |

---

**PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procure 12, Defendant Gordian Medical, Inc. dba American Medical Technologies ("Gordian"), answering for itself and no others, hereby submits the following Answer and defenses in response to the allegations in Plaintiff Vohra Wound Physicians Management, LLC's ("Vohra") Complaint.

This Answer is based on Gordian's reasonable inquiry and knowledge to date. Gordian reserves its right to amend, supplement, clarify or correct the responses set forth below as additional information becomes available to it.

In response to the numbered Paragraphs of the Complaint, Gordian hereby responds as follows:

1. Gordian admits the allegations in Paragraph 1.

2. Gordian admits the allegations in Paragraph 2.

3. Gordian admits the allegations in Paragraph 3.

4. Gordian admits the allegations in Paragraph 4.

5. Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies them.

6. Gordian admits the allegations in Paragraph 6.

7. Gordian denies the allegations in Paragraph 7.

8. Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Gordian denies the allegations in Paragraph 9.

10. Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12. Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Gordian admits the allegations in paragraph 13, including the allegation that

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

patients are not required to use surgical wound dressings from Vohra's Program, but Gordian notes that at times Vohra has falsely represented to facilities that they were required to use wound dressings from the Program.

14.     Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15.     Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

16.     Gordian admits the allegations in Paragraph 16.

17.     Gordian admits the allegations in Paragraph 17.

18.     Gordian denies the allegations in Paragraph 18.

19.     Gordian denies the allegations in Paragraph 19.

20.     Gordian denies that it made any false or defamatory statements as alleged in Paragraph 20.  Gordian lacks knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 20 that nursing facilities, physicians, and patients around the country have stopped accepting, ordering or using Plaintiff's wound dressings, but if true, Gordian denies that it is responsible for Plaintiff's lost business.

21.     Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22.     Gordian admits that its representative, Susette Hoyt, was at the Lindan Park Care Center in Richardson Texas on or about August 16, 2019, and that Ms. Hoyt had a conversation with representatives at the facility regarding wound dressings, but Gordian denies that Ms. Hoyt said the things alleged in Paragraph 22.  Rather, after Ms. Hoyt discovered that Plaintiff had begun ordering wound dressings and supplies for patients without notifying anyone at the facility, she expressed concern that Plaintiff's actions created a potential for double billing as Gordian had a contract with the facility to supply wound dressings for the patients in the facility, and if the facility is not informed that Plaintiff was ordering supplies, both could be billed to Medicare and that double billing could be fraudulent if not rectified.  Thereafter, although it had supplied dressings at its sole expense, Gordian issued a credit to Medicare to avoid any

1    possibility of double billing.  Gordian denies the remaining allegations in Paragraph 22.

2           23.    Gordian denies the allegations in Paragraph 23.

3           24.    Gordian denies that it made any false or defamatory statements as alleged in

4    Paragraph 24.  Gordian lacks knowledge or information sufficient to form a belief as to the truth

5    of the remaining allegations in Paragraph 24 and on that basis denies them.

6           25.    Gordian lacks knowledge or information sufficient to form a belief as to the truth

7    of the allegation in Paragraph 25 that customers "have previously advised Plaintiff that they

8    found [Program surgical wound dressings] to be superior to other surgical wound dressings

9    dispensed by other suppliers," and on that basis denies it.  Gordian denies all remaining

10   allegations in Paragraph 25.

11          26.    Gordian incorporates its response to Paragraphs 1 through 25.

12          27.    Gordian lacks knowledge or information sufficient to form a belief as to the truth

13   of the allegations in Paragraph 27 and on that basis denies them.

14          28.    Gordian lacks knowledge or information sufficient to form a belief as to the truth

15   of the allegations in Paragraph 28 and on that basis denies them.

16          29.    Gordian lacks knowledge or information sufficient to form a belief as to the truth

17   of the allegations in Paragraph 29 and on that basis denies them.

18          30.    Gordian denies the allegations in Paragraph 30.

19          31.    Gordian denies the allegations in Paragraph 31.

20          32.    Gordian denies the allegations in Paragraph 32.

21          33.    Paragraph 33 contains legal conclusions to which no response is required.  To the

22   extent a response is deemed required, Gordian denies the allegations in Paragraph 33.

23          34.    Gordian denies the allegations in Paragraph 34.

24          35.    Gordian denies the allegations in Paragraph 35.

25          36.    Gordian specifically denies that it engaged in any unlawful or wrongful conduct

26   and therefore denies the allegations in paragraph 36 to the contrary.  Gordian lacks knowledge or

27   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36

28   and on that basis denies them.

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1

37.    Gordian specifically denies that it has engaged in any conduct that is unlawful or wrongful.  Gordian lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and on that basis denies them.

38.    Gordian denies it has engaged in any conduct that is unlawful or wrongful, and denies that Plaintiff has suffered or will continue to suffer any damages or harm to its business, reputation or goodwill as a result of Gordian's actions as alleged in the complaint, and therefore Gordian denies the allegations in Paragraph 38.

39.    Gordian denies it has engaged in any conduct that is unlawful or wrongful, and denies the remaining allegations in Paragraph 39.

40.    Gordian incorporates its response to Paragraphs 1 through 39.

41.    Gordian denies the allegations in Paragraph 41, and specifically denies that it made false and disparaging statements.

42.    Gordian denies the allegations in Paragraph 42, and specifically denies that it made false and disparaging statements.

43.    Gordian denies the allegations in Paragraph 43, and specifically denies that it made false and disparaging statements.

44.    Gordian denies the allegations in Paragraph 44.

45.    Gordian denies the allegations in Paragraph 45.

46.    Gordian denies that Plaintiff has suffered or will continue to suffer any damages or harm to its business, reputation or goodwill as a result of any statements made by Gordian, and denies that it made any false or disparaging statements.  Gordian denies any remaining allegations in Paragraph 46.

47.    Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies the allegations in Paragraph 47.

48.    Gordian incorporates its response to Paragraphs 1 through 47.

49.    Gordian denies the allegations in Paragraph 49, and specifically denies that it made false and defamatory statements.

50.    Gordian denies the allegations in Paragraph 50, and specifically denies that it

1   made false and defamatory statements.

2     51. Gordian denies the allegations in Paragraph 51, and specifically denies that it

3   made false and defamatory statements.

4     52. Gordian denies that it made any false statements as alleged in the Complaint.

5   Gordian lacks knowledge or information sufficient to form a belief as to the truth of the

6   remaining allegations in Paragraph 52 and on that basis denies them.

7     53. Paragraph 53 contains legal conclusions to which no response is required.  To the

8   extent a response is deemed required, Gordian denies the allegations in Paragraph 53, and

9   Gordian specifically denies that it made any false statements as alleged in the Complaint.

10     54. Gordian denies the allegations in Paragraph 54, and Gordian specifically denies

11   that it made any false statements as alleged in the Complaint.

12     55. Gordian denies the allegations in Paragraph 55.

13     56. Gordian denies that Plaintiff has suffered or will continue to suffer any damages

14   or harm to its business, reputation or goodwill as a result of any statements made by Gordian,

15   and Gordian denies that it made any false or disparaging statements.  Gordian denies any

16   remaining allegations in Paragraph 56.

17     57. Paragraph 57 contains legal conclusions to which no response is required.  To the

18   extent a response is deemed required, Gordian denies the allegations in Paragraph 57.

19     58. Gordian incorporates its responses to Paragraphs 1 through 57.

20     59. Gordian admits that it is a competitor of Vohra for wound dressings, and denies

21   all remaining allegations in Paragraph 59.

22     60. Gordian denies that Plaintiff has suffered or will continue to suffer any damages

23   or harm to its business, reputation or goodwill as a result of any statements made by Gordian,

24   and Gordian denies that it made any false or defamatory statements.  Gordian denies any

25   remaining allegations in Paragraph 60.

26     61. Paragraph 61 contains legal conclusions to which no response is required.  To the

27   extent a response is deemed required, Gordian denies the allegations in Paragraph 61.

28     62. Gordian incorporates its response to Paragraphs 1 through 61.

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

63.     Gordian admits that it is a competitor of Vohra for wound dressings, and denies all remaining allegations in Paragraph 63.

64.     Gordian denies that it made any misrepresentations about Vohra.  Gordian denies all remaining allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies the allegations in Paragraph 65.

66.     Gordian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them.

67.     Gordian denies that Plaintiff has suffered or will continue to suffer any damages or harm to its business, reputation or goodwill as a result of any statements made by Gordian, and Gordian denies that it made any false descriptions of fact or false representations of fact. Gordian denies any remaining allegations in Paragraph 67.

68.     Gordian incorporates its response to Paragraphs 1 through 67.

69.     Paragraph 69 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies the allegations in Paragraph 69.

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies that Plaintiff has suffered or will continue to suffer any damages or harm to its business, reputation or goodwill as a result of Gordian's actions as alleged in the complaint.  Gordian denies any remaining allegations in Paragraph 70.

71.     Gordian incorporates by reference its response to Paragraphs 1 through 70.

72.     Gordian denies the allegations in Paragraph 72.

73.     Gordian denies the allegations in Paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies the allegations in Paragraph 74.

75.     Paragraph 75 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies the allegations in Paragraph 75.

76.     Paragraph 76 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Gordian denies the allegations in Paragraph 76

## **PRAYER FOR RELIEF**

Gordian denies that Plaintiff is entitled to any of the requested relief, or any other relief whatsoever in this Action, including the relief set forth in the Prayer for Relief and its Paragraphs a–g therein.  Gordian prays that the Court enter judgment in its favor and award it such other and further relief to which it may be entitled.

## **AFFIRMATIVE DEFENSES**

As separate and distinct defenses to Plaintiff's alleged causes of action, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Gordian alleges as follows:

This statement of defenses is based on Gordian's investigation to date, and Gordian expressly reserves all rights to re-evaluate its defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.  By designating the below defenses, Gordian does not in any way waive or limit any defenses which are or may be raised by its denials, allegations, and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Gordian to assert such defenses, and are without prejudice to its ability to raise other and further defenses.

### **FIRST DEFENSE**

#### **(Failure to State a Claim)**

Plaintiff's claims are barred because the Complaint fails to state a claim on which relief may be granted.

### **SECOND DEFENSE**

#### **(Truth)**

Plaintiff's claims are barred because all of Gordian's conduct and statements were truthful when made.

### **THIRD DEFENSE**

#### **(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands, as demonstrated by

Plaintiff's conduct detailed in the attached Counterclaim.

### FOURTH DEFENSE

### (Waiver)

By their own actions and omissions, Plaintiff has waived its claims or rights against Gordian in this case.

### FIFTH DEFENSE

### (Estoppel)

By its own actions and omissions, Plaintiff is, in whole or in part, estopped from asserting claims against or obtaining damages or other relief against Gordian in this case, because, among other reasons, Plaintiff (1) had knowledge of the alleged conduct that formed the basis of its claims, yet failed to inquire as to whether Gordian engaged in the conduct or made the statements alleged and/or to complain or otherwise demand Gordian change any behavior; and (2) Plaintiff engaged in the same or similar behavior in which it now accuses Gordian of engaging.

### SIXTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff did not mitigate its alleged damages or losses, if there were any damages or losses.

### SEVENTH DEFENSE

### (Doctrine of Avoidable Consequences)

Some or all of the causes of action or damages alleged in the Complaint are barred, or recovery should be reduced, under the doctrine of avoidable consequences, because Plaintiff's claimed damages, if any, could have been avoided by reasonable effort or expenditure.

### EIGHTH DEFENSE

### (Offset)

Any damages awarded to Plaintiff must be offset and reduced by the amount owed Plaintiff to Gordian as a result of Plaintiff's wrongful conduct as alleged in the Counterclaim filed herewith.

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

1  **NINTH DEFENSE**

2  **(Adequate Legal Remedies)**

3       To the extent Plaintiff seeks equitable relief against Gordian, they are not entitled to that

4  relief because they have adequate remedies at law.

5  **TENTH DEFENSE**

6  **(Gordian's Good Faith and Lawful Business Practices)**

7       Plaintiff's unfair business practices claim is barred because all actions by Gordian were

8  taken for lawful business reasons and in good faith.

9  **ELEVENTH DEFENSE**

10  **(Lack of Standing)**

11       Plaintiff is barred from any recovery because Plaintiff lacks standing to bring the claims.

12  **TWELFTH DEFENSE**

13  **(Reservation of Rights)**

14       Gordian hereby reserves and reasserts all affirmative defenses available under any

15  applicable state or federal law.  Gordian further alleges that discovery has not yet begun, and on

16  this basis, other affirmative defenses may become known or substantiated.  Gordian reserves the

17  right to add affirmative defenses within a reasonable time after the facts of said affirmative

18  become known to Gordian.

19  **DEMAND FOR TRIAL BY JURY**

20       Gordian hereby demands trial by jury for all questions for which trial by jury is

21  authorized, both in Vohra's complaint and in Gordian's counterclaim.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

9

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

1  | DATED:  May 11, 2020

KING & SPALDING LLP

2

3

4

5  By: _____

William Scott Cameron

6  Nevada Bar No. 10322

621 Capitol Mall, Suite 1500

7  Sacramento, CA 95814

8  AND

9  MICHAEL R HOGUE, ESQ.

GREENBERG TRAURIG, LLP

Nevada Bar No. 12400

10  10845 Griffith Peak Drive, Suite 600

Las Vegas, Nevada 89135

11

12  Attorneys for Defendant and Counter-

Claimant GORDIAN MEDICAL, INC.,

13  d/b/a AMERICAN MEDICAL

TECHNOLOGIES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## GORDIAN'S COUNTERCLAIM

Counter-Claimant Gordian Medical, Inc. dba American Medical Technologies ("Gordian") hereby brings this counterclaim against Plaintiff/Counter-Defendant Vohra Wound Physicians Management, LLC ("Vohra"), and alleges as follows:

### Jurisdiction

1.     This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.     This court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as it is alleged that Vohra violated Section 43 of the Lanham Act, 15 U.S.C. § 1125.

### Parties

3.     Counter-Claimant Gordian is, and at all relevant times was, a Nevada corporation with its principal place of business in Irvine, California.  Gordian is an accredited supplier of Durable Medical Equipment, Prosthetics, Orthotics, and Supplies ("DMEPOS") and a participating Medicare Part B provider.

4.     Counter-Defendant Vohra is, and at all relevant times was, a Delaware limited liability corporation with its principal place of business in Miramar, Florida.

### Background

5.     Contrary to the numerous false allegations in Vohra's complaint, it is Vohra that has engineered a deceptive and fraudulent scheme to interfere with Gordian's established business relationships as Vohra tries to break in to the field of providing wound care dressing and supplies to Medicare Part B patients at long-term care facilities.  But rather than competing fairly, Vohra has built its business model on treachery and deception, ordering supplies without informing anyone that it is doing so and misleading facilities as to Vohra's role in the supply process.  These behaviors often lead to the danger that Gordian, the established provider of these supplies, might unknowingly double-bill Medicare when Gordian orders the supplies it has long been providing.

//

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

6.      For over 25 years, Gordian has focused its business on working with long-term and post-acute care providers to supply advanced wound care products, and for the past several years, ostomy, urological and tracheostomy products.

7.      Gordian works with over 6,250 facilities across all 50 states and its products are used in the treatment of over 250,000 wounds every year.  The facilities' medical professionals determine what products are needed and Gordian works to facilitate the delivery of cost-effective, quality care to the facilities' residents.  Gordian provides educational resources to enhance facility staffs' knowledge and competence in the products Gordian provides. This empowers the bedside provider to improve the quality of care delivered while decreasing the cost of care.  Gordian's comprehensive focus helps manage the risks associated with patient care while improving outcomes by using the appropriate products at the appropriate time.

8.      Gordian's clinical specialists are licensed health care providers, typically nurses, with expertise in long term care programs. In almost all cases, they have completed a comprehensive wound care certification program to provide them the focused, extensive training necessary for their roles as clinical specialists. In short, they possess the talent, resources and education to execute their role as trusted adviser with confidence. Gordian's clinical specialists facilitate the delivery of products, care and support to patients of these facilities.

9.      Gordian's clinical specialists work with facilities, visiting them regularly, and often rounding with the treating physicians to observe patient care.  In this way, the clinical specialists get to know the facilities, the physicians, and the patients.  Gordian knows firsthand what the patient needs and what the physician has ordered for wound care dressings and supplies through the relationships its clinical specialists have with the facilities and patients.

10.      For these reasons, Gordian is able to supply Medicare-covered dressings and order the correct quantity of dressings and supplies needed by each resident for whom services are requested.  Gordian's clinical specialists draw on years of clinical experience, knowledge of the patients receiving care, and ultimately the physician's orders to determine how many and what kind of dressings will be needed for each resident for the month.  Gordian works with most major manufacturers so that it can ensure the proper supplies are available to fill the residents'

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1

needs.  Gordian also handles billing the residents' insurance carrier – most often Medicare or Medicaid – so that neither the resident nor the facility need be involved in the complicated area of medical billing.

11.     Gordian enters into contracts with facilities to be the facilities' preferred provider of Medicare-covered wound care dressings and supplies.  Although Gordian generally does not provide supplies for patients covered by Medicare Part A since those supplies are included in the facilities' per diem charges, Gordian can and does provide supplies to patients covered by Medicare Part B and private insurance.

12.     Vohra claims to be the largest wound care specialty physician group on the post-acute market.  Vohra claims it has approximately 250 physicians providing wound care treatment at over 2,500 facilities in 27 states.

13.     Many of the wound care physicians that treat patients for which Gordian provides wound care supplies are Vohra-affiliated physicians.  As such, Vohra is well acquainted with Gordian and Gordian's services.  Gordian's clinical specialists have worked cooperatively with Vohra physicians for years.

14.     Based on the long history of working cooperatively with Gordian, Vohra knew or should have known that Gordian had contractual relationships with its facilities to order, provide, and bill for wound care dressings and supplies the facilities' residents required.

15.     After watching Gordian and other Medicare-enrolled DMEPOS suppliers order wound dressings for Vohra's patients for years, Vohra devised a plan to increase its own profits and revenue.  In late 2017, Vohra created its Wound Care Dressing Dispensing Program.  Through this program, Vohra seeks to handle both the wound care medical treatment through its physicians and also market and sell all wound care supplies needed by the resident.

16.     After Vohra began its Dressing Dispensing Program and began competing with Gordian in the wound dressing and supplies market, the cooperative relationship between the Gordian clinical specialists and the Vohra physicians began to change.  Among other things, Vohra's physicians made disparaging, demeaning, and false statements regarding the Gordian and the Gordian clinical specialists in the presence of facility representatives.  These statements

1   were intended to denigrate both Gordian and its clinical specialists such that the facility would be

2   hesitant to continue using Gordian's services and ordering wound dressings from Gordian and

3   instead order them from Vohra.

4          17.    Gordian is informed and believes that Vohra does not inform many of the

5   facilities that Vohra is ordering wound care supplies for the Vohra physician's patients.

6   However, despite their failure notify the facilities that they are doing so, Vohra physicians have

7   begun ordering wound care dressings and supplies from Vohra's Dressing Dispensing Program.

8          18.    Importantly, not all wound care patients in a facility are likely to be Vohra

9   patients – there are likely other wound care physician groups and sometimes facility physicians

10   providing this service in virtually all of the facilities where Vohra physicians treat patients.  In

11   fact, Gordian is informed and believes that Vohra physicians only treat patients covered by

12   Medicare Part B.  Given that many of the wound care patients are covered by Medicare Part A or

13   private insurance, there are generally other, non-Vohra physicians providing wound care at these

14   facilities.  In addition, Gordian is informed and believes that Vohra will only order wound care

15   dressings and supplies for its physicians' patients, and not for any other patients at these

16   facilities.  As a result, some facilities have informed Gordian that having the Vohra physicians

17   order supplies for Vohra's patients leads to confusion at the facility as to who is ordering

18   supplies for which residents and how the patients' care is being effectively managed.  On the

19   other hand, Gordian generally can and does order and provide dressings and supplies for many

20   residents other than just Medicare Part A and Part B patients and is capable of providing

21   comprehensive care services for all facility patients requiring care.

22          19.    Gordian clinical specialists have arrived at facilities on their regular visits to find

23   Vohra-ordered dressings and supplies already in the patients' rooms.  When asked, the facilities'

24   nursing and administrative staff have told the Gordian clinical specialists that they did not know

25   Vohra ordered or furnished them, and they thought they had been furnished by Gordian.  In

26   many cases, Gordian had already ordered or furnished the new months' supplies based on a

27   physician's order before learning that Vohra had already furnished similar supplies without

28   informing the facility or the other ordering physician(s).  In other cases, after incurring the travel

and payroll expenses of sending a clinician to a facility, Gordian was precluded from furnishing ordered supplies because Vohra had already done so, often without any authorization from the facility or the patient.

20.     Moreover, Gordian is informed and believes that in many, if not all, cases, in willful disregard of Gordian's contractual relationship with the facility and existing relationship with the facility and patient, Vohra physicians have simply ordered, without the knowledge, consent, or desire of the facility or patient, additional surgical wound dressing supplies that Gordian was already supplying as supplier of record.  Vohra has also done this in willful disregard of any double billing to Medicare or other payers that Vohra's conduct may cause.

21.     Gordian is informed and believes that in addition to ordering the supplies, Vohra also bills Medicare for the supplies and receives and keeps the payment from Medicare.

22.     The fact that Vohra does not inform the facility or the patients (or their caregivers) that it is ordering dressings and supplies for its patients can cause Gordian to bill Medicare for dressings and supplies that had already been ordered with Gordian for treatment of the patient, even though Vohra had already ordered and furnished them.  Medicare bills require a physician's signature before they can be submitted.  Because Vohra's physician signs the request immediately, Vohra is able to submit its bills without delay.  Gordian routinely has to wait for up to 30 days to obtain the written record with a treating physician's signature, which means that Gordian's bills to Medicare will always be submitted after Vohra's.  If Vohra has already submitted a bill, this could result in Gordian unknowingly submitting a double bill to Medicare, a violation of federal law and CMS regulations.

23.     In addition, Gordian is informed and believes that when facilities told Vohra that Gordian was supplying dressings and supplies for the residents in the facility with the consent of each of the patients (or their caregivers), Vohra falsely told the facility that Gordian was not coming back to the facility.

24.     Vohra has also told Gordian's clinical specialists that they are no longer permitted to round with the Vohra physician.  This is harmful to patient care and makes it more difficult for Gordian's clinical specialists to order the proper wound care dressings and supplies.  There is no

1   medical or patient care benefit to Vohra refusing to allow the Gordian clinical specialist to round

2   with the physician; rather, it only serves as anti-competitive behavior to prevent Gordian from

3   being able to carry out its contractual duties and attempting to usurp the services of Gordian.

4          25.     Gordian is informed and believes that another tactic Vohra has begun using is to

5   unlawfully misrepresent to facilities that participation in Vohra's Dressing Dispensing Program

6   is required to maintain services from Vohra's physicians, exploiting the facilities' existing

7   relationships with Vohra physicians and the need for wound care physician services.  In this way,

8   Vohra attempts to coerce and intimidate the facility into ordering supplies from Vohra rather

9   than from Gordian in an unlawful and unfair attempt to disrupt Gordian's established contractual

10  relationships with these facilities.

11         26.     Gordian is also informed and believes that Vohra filed a complaint with the CMS

12  Office of Inspector General falsely claiming that Gordian had been ordering excessive dressings

13  and supplies in an attempt to harm Gordian and to convince facilities to stop doing business with

14  Gordian.  Vohra has made similar false and defamatory statements to administrators at various

15  facilities, accusing Gordian of ordering "an excessive, unnecessary and wasteful amounts" of

16  dressings and wound care supplies.

17         27.     Gordian is informed and believes that Vohra has been calling facilities that

18  contract with Gordian and falsely stating that the facility cannot force the resident to obtain

19  wound care dressings and supplies from Gordian, and that Vohra physicians have the right to

20  order dressings and supplies from Vohra's Dressing Dispensing Program.  Further, when the

21  facility demands that Vohra stop ordering supplies through its program, Vohra falsely tells the

22  facility that the facility must give Vohra 90-days' notice before it can cancel the program, even

23  though the facility never agreed to use the program to begin with.

24         28.     Gordian also has become aware of numerous defamatory and disparaging

25  statements made by Vohra and Vohra representatives.  For example, as part of a high-pressure

26  sales pitch, a Vohra representative told administrators in at least one facility that Gordian could

27  not be trusted, and described in detail the lawsuit Vohra had filed against Gordian.

28  //

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1

29.     Gordian is informed and believes that Vohra offers its physicians monetary bonuses or incentives for each facility that the physician persuades to place orders for wound care dressings and supplies through Vohra's Dressing Dispensing Program.  Vohra's financial arrangements with its physicians may therefore violate federal and state anti-kickback laws.

30.     The Federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), prohibits persons form offering, paying, soliciting or receiving any remuneration that is intended to induce referrals, purchase, or orders of items or services reimbursed by a federal health care program. Many states have similar statutes.

31.     The purpose of Vohra's monetary bonuses or incentives is to increase referrals, i.e., orders through its Dressing Dispensing Program, by whatever means necessary, including but not limited to interfering with Gordian's relationships with its customers.

32.     Upon information and belief, the facilities targeted by Vohra for its Dressing Dispensing Program do not have any knowledge or involvement in Vohra's unlawful kickbacks to its physicians.

33.     Vohra's unlawful practices that make its Dressing Dispensing Program attractive to facilities are essential to its plan to frustrate fair competition and have damaged Gordian.

34.     Gordian has lost business to Vohra both when Vohra orders supplies without the facilities' knowledge or authorization, and when Vohra persuades a facility to break its contract with Gordian to purchase wound care dressings and supplies instead from Vohra.

**First Claim**

**Tortious Interference with Contractual Relations**

35.     Gordian realleges and incorporates by reference each of the allegations in Paragraphs 1 through 34 as if fully set forth herein.

36.     Gordian has contracts with thousands of facilities across the country, including many, if not all, of the facilities in which Vohra provides wound care physicians.  Gordian works diligently to maintain those contractual relationships, and is constantly working to establish contractual relationships with new facilities.

//

37.     Vohra was and is aware of Gordian's contractual relationships with these facilities.

38.     Vohra has interfered with the relationships between Gordian and its current facilities by, among other things, making disparaging, demeaning and false statements to denigrate Gordian and Gordian's clinical specialists, ordering wound care dressings and supplies without authorization when Gordian had in place contracts to provide those dressings to residents of those facilities, using coercive tactics and unlawful and unfounded threats designed to induce those facilities to break their contracts with Gordian and instead order wound care dressings and supplies from Vohra's Dressing Dispensing Program, falsely claiming that Gordian was ordering excessive dressings and supplies, and providing its physicians illegal monetary incentives to order dressings in violation of anti-kickback statutes.

39.     Vohra's actions are improper, intentional, malicious, unjustified, and made with the purpose of inducing facilities to terminate or not continue their respective contractual relationships with Gordian.

40.     Vohra was and is aware that Gordian and these facilities are, or were, likely to do business with each other in the future, and that Gordian anticipates, or anticipated, receiving continued business from these facilities.

41.     As a direct result of Vohra's unjustified interference with Gordian's contractual relations, Gordian has suffered substantial monetary and non-monetary harm exceeding $75,000, including actual damages from lost business, damage to its reputation, and loss of goodwill. Gordian is entitled to all remedies available under the law as set forth in its Prayer for Relief below.

<u>**Second Claim**</u>

<u>**Tortious Interference with Prospective Economic Advantage**</u>

42.     Gordian realleges and incorporates by reference each of the allegations in Paragraphs 1 through 34 as if fully set forth herein.

43.     Gordian has business relationships with thousands of facilities across the country, including many, if not all, of the facilities in which Vohra provides wound care physicians.

Gordian works diligently to maintain those business relationships, and is constantly working to establish relationships with new facilities.

44.     Vohra is and at all relevant times was aware of Gordian's ongoing business relationships with these facilities.

45.     Vohra has interfered with the relationships between Gordian and its current facilities by, among other things, making disparaging, demeaning and false statements to denigrate Gordian and Gordian's clinical specialists, ordering wound care dressings and supplies without authorization when Gordian had a history of providing those dressings to residents of those facilities, using coercive tactics and unlawful and unfounded threats designed to induce those facilities to stop doing business with Gordian and instead order wound care dressings and supplies from Vohra's Dressing Dispensing Program, falsely claiming that Gordian was ordering excessive dressings and supplies, and providing its physicians illegal monetary incentives to order dressings in violation of anti-kickback statutes.

46.     Vohra's actions are improper, intentional, malicious, unjustified, and made with the purpose of inducing facilities to terminate or not continue their respective business relationships with Gordian.

47.     Vohra was and is aware that Gordian and these facilities are, or were, likely to do business with each other in the future, and that Gordian anticipates, or anticipated, receiving continued business from these facilities.

48.     As a direct result of Vohra's unjustified interference with Gordian's business relations, Gordian has suffered substantial monetary and non-monetary harm exceeding $75,000, including actual damages from lost business, damage to its reputation, and loss of goodwill. Gordian is entitled to all remedies available under the law as set forth in its Prayer for Relief below.

## Third Claim

## Defamation

49.     Gordian realleges and incorporates by reference each of the allegations in Paragraphs 1 through 34 as if fully set forth herein.

50.     Vohra has published or communicated false and defamatory statements about Gordian to third parties, including administrators and representatives of facilities with which Gordian does business.  These statements purported to be facts, including but not limited to statements that Gordian cannot be trusted, that Gordian ordered excessive, unnecessary and wasteful amounts of wound dressings and supplies, that Gordian's clinical specialists provide no value, have no knowledge and are not competent, and that Gordian is "a sham."

51.     Vohra knew the statements were false when made, and the publication or communication was made intentionally, recklessly, and/or negligently.

52.     Vohra has no privilege or justification for making these false and defamatory statements.

53.     The false and defamatory statements have harmed Gordian's reputation amongst individuals, business entities, employees, and present and prospective clients.  These false and defamatory statements were made with the intent to disparage Gordian's standing in the surgical wound care dressing market such that clients and potential clients would refuse to do business with Gordian and instead do business with Vohra.

54.     These false and defamatory statements have played a material and substantial part in inducing others to refuse to do business with Gordian.

55.     The false statements constitute defamation per se as they pertain to Gordian's fitness for its trade, profession, or office and falsely convey the impression that Gordian committed a crime by billing Medicare for excessive, unnecessary and wasteful amounts of wound dressings and supplies.

56.     These false and defamatory statements were portrayed as facts by Vohra, and Vohra intended for those hearing or reading the statements to believe them to be true.

57.     As a direct and proximate cause of Vohra's false and defamatory statements, Gordian has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial but in excess of $75,000, and irreparable harm to its business, reputation, and goodwill.

58.     Based on the intentional, willful and malicious nature of Vohra's actions, Gordian is entitled to recover punitive and exemplary damages and reasonable attorney's fees and costs

1   incurred in connection with this action.

2                            **Fourth Claim**

3          **False Advertising in Violation of the Lanham Act**

4          59.     Gordian realleges and incorporates by reference each of the allegations in

5   Paragraphs 1 through 34 as if fully set forth herein.

6          60.     Vohra, a direct competitor of Gordian and engaged in interstate commerce in

7   respect to the sale and marketing of wound dressings and supplies, has, in connection with the

8   commercial advertising or promotion of its own Dressing Dispensing Program, publicly

9   disseminated nationwide to consumers of wound dressings, including Gordian's existing and

10  potential customers, false descriptions of fact and/or false representations of fact that Gordian

11  has engaged in criminal acts and Medicare fraud.

12         61.     Vohra made these representations about Gordian in multiple states throughout the

13  country with the design to influence, and in fact have influenced, the purchasing decisions with

14  respect to wound dressings and supplies by Gordian's existing and prospective customers.

15         62.     These false descriptions of fact and/or false representations of fact misrepresent

16  the nature, characteristics, and quality of Gordian's goods, services and commercial activities in

17  violation of 15 U.S.C. § 1125(a).

18         63.     Vohra's advertising about its own products and services implicitly conveys false

19  claims about the legality of Vohra's services and Medicare billing arrangements, and as such are

20  false and misleading or false by necessary implication in violation of 15 U.S.C. § 1125(a).

21         64.     As a direct and proximate result of Vohra's actions and misrepresentations,

22  Gordian's existing and prospective customers in multiple states have been deceived or are likely

23  to be deceived in a material way about Gordian's products and/or services, and are now or will

24  likely be reluctant to do business with Gordian or have stopped or will likely stop doing business

25  with Gordian.

26         65.     As a direct and proximate result of Vohra's public dissemination of false

27  descriptions of fact and false representations of fact, Gordian has suffered, and will continue to

28  suffer, significant monetary damages subject to proof and irreparable harm to its business,

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1

reputation, and goodwill.

### Fifth Claim

### Deceptive Trade Practices Under N.R.S. § 598.0915

66.    Gordian realleges and incorporates by reference each of the allegations in Paragraphs 1 through 34 as if fully set forth herein.

67.    In the course of conducting its business, Vohra willfully, maliciously, and knowingly made false, misleading, and disparaging representations of fact about Gordian's goods services and/or business.

68.    As a direct and proximate result of Vohra's actions, Gordian has suffered, and will continue to suffer, monetary damages in an amount subject to proof but in excess of $75,000, and has suffered and will continue to suffer irreparable harm to its business, reputation, and goodwill.

### Sixth Claim

### Unfair Competition

69.    Gordian realleges and incorporates by reference each of the allegations in Paragraphs 1 through 34 as if fully set forth herein.

70.    Vohra's conduct as described above, including but not limited to making disparaging, demeaning and false statements to denigrate Gordian and Gordian's clinical specialists, ordering wound care dressings and supplies without authorization when Gordian had in place contracts to provide those dressings to residents of those facilities, using coercive tactics and unlawful and unfounded threats designed to induce those facilities to break their contracts with Gordian and instead order wound care dressings and supplies from Vohra's Dressing Dispensing Program, falsely claiming that Gordian was ordering excessive dressings and supplies, and providing its physicians illegal monetary incentives to order dressings in violation of anti-kickback statutes, has unfairly put Gordian, as an honest, law-abiding competitor, at a significant competitive disadvantage.

71.    Vohra's conduct is contrary to honest practice in commercial matters, and its conduct is likely to confuse or deceive the public.

72.     Vohra's actions are willful, malicious, deceptive, and fraudulent.

73.     Vohra's actions were knowingly taken with the intent of obtaining an unfair competitive advantage over Gordian for the marketing of wound care dressings and supplies to facilities with which Gordian does business.

74.     As a direct and proximate result of Vohra's unfair business practices, Gordian has suffered substantial monetary and non-monetary harm exceeding $75,000, including actual damages from lost business, damage to its reputation, and loss of goodwill.  Gordian is entitled to all remedies available under the law, as set forth in its Prayer for Relief below.

### Prayer for Relief

**Wherefore,** Counter-Claimant Gordian Medical, Inc., dba American Medical Technologies, prays for judgment against Counter-Defendant Vohra Wound Physicians Management, Inc., as follows:

1.     Preliminary and permanent injunctive relief enjoining Vohra, and its officers, directors, principals, agents, servants, employees, licensees, successors and assigns, and all those acting in concert with any of them from making and/or publishing any false, defamatory, disparaging, or demeaning statements about Gordian or Gordian's clinical specialists, including but not limited to statements that Gordian has or is engaged in criminal acts or Medicare fraud;

2.     Actual damages in an amount according to proof, including but not limited to, Gordian's lost business and Vohra's unjustly received revenues;

3.     Corrective advertising, as permitted by statute;

4.     Punitive damages in an amount sufficient to punish Vohra and deter it from engaging in such similar unlawful conduct in the future;

5.     Reasonable attorneys' fees and costs incurred by Gordian in defending this lawsuit and prosecuting this counterclaim;

6.     Pre-judgment and post-judgment interest in accordance with statute; and

7.     Such further and other relief as the Court may deem just and appropriate.

//

//

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1

1

## **DEMAND FOR TRIAL BY JURY**

2      Gordian hereby demands trial by jury for all questions for which trial by jury is

3   authorized, both in Vohra's complaint and in Gordian's counterclaim.

4   DATED:  May 11, 2020                        KING & SPALDING LLP

5

6

7

8                                          By:  _____

9                                                William Scott Cameron
                                                 Nevada Bar No. 10322
10                                               621 Capitol Mall, Suite 1500
                                                 Sacramento, CA 95814

11                                         AND

12                                               MICHAEL R HOGUE, ESQ.
                                                 GREENBERG TRAURIG, LLP
13                                               Nevada Bar No. 12400
                                                 10845 Griffith Peak Drive, Suite 600
14                                               Las Vegas, Nevada 89135

15                                               Attorneys for Defendant and Counter-
                                                 Claimant GORDIAN MEDICAL, INC.,
16                                               d/b/a AMERICAN MEDICAL
                                                 TECHNOLOGIES

17

18

19

20

21

22

23

24

25

26

27

28

GORDIAN MEDICAL, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM
DMSLIBRARY01\36883155.v1