A.J. Kung, Esq.
Nevada Bar No. 7052
Brandy Brown, Esq.
Nevada Bar No. 9987
**KUNG & BROWN**
214 South Maryland Parkway
Las Vegas, Nevada 89101
(702) 382-0883 Telephone
(702) 382-2720 Facsimile
E-Mail: ajkung@ajkunglaw.com
       bbrown@ajkunglaw.com

Kevin P. Gildea, Esq. (*admitted Pro Hac Vice*)
**DARROWEVERETT LLP**
450 Seventh Avenue, Suite 1802
New York, NY 10123
(212) 335-2090 Telephone
(212) 335-2091 Facsimile
Email: kpgildea@darroweverett.com
    *Attorneys for Plaintiff Vohra Wound Physicians Management, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VOHRA WOUND PHYSICIANS MANAGEMENT, LLC, a Delaware limited liability company,<br><br>    Plaintiff/ Counter-Defendant<br><br>    vs.<br><br>GORDIAN MEDICAL, INC., d/b/a AMERICAN MEDICAL TECHNOLOGIES, a Nevada corporation; SUZETTE HOYT, an individual; and DOES I through X, inclusive,<br><br>    Defendants/ Counterclaimant | CASE NO.: 2:19-cv-01825-KJD-VCF<br><br><br>**PLAINTIFFS/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIM** |

Plaintiff/ Counter-Defendant , Vohra Wound Physicians Management, LLC ("Plaintiff/ Counter-defendant"), by and through their undersigned counsel hereby files this answer in

response to the counterclaim (the "Counterclaim") filed by Gordian Medical, Inc. ("Defendant/ Counterclaim Plaintiff") contained in their answer to the Plaintiff's complaint.

## GENERAL OBJECTION

Plaintiff/Counter-Defendant states that the purported "Counterclaim" does not comply with FRCP Rule 10(b).  Each numbered paragraph of the Counterclaim makes multiple statements of fact and are not limited to a single set of circumstances.  Without waiving said objection, the Plaintiff states as follows:

## JURISDICTION

1. Plaintiff/Counter-Defendant admits that there is complete diversity of citizenship, but denies that the amount in controversy exceeds $75,000.00.

2. Plaintiff/Counter-Defendant admits the allegations contained in this paragraph for jurisdictional purposes only.

## PARTIES

3. Plaintiff/Counter-Defendant admits that Defendant/ Counterclaim Plaintiff is a Nevada corporation, but does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies those allegations.

4. Plaintiff/Counter-Defendant admits the allegations contained in this paragraph.

## BACKGROUND

5. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

6. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in this paragraph, and therefore, denies those allegations.

7. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies those allegations.

8. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies those allegations.

9. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies those allegations.

10. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies those allegations.

11. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant states that it does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies those allegations.

12. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant admits the allegations contained in this paragraph, and state that these are facts not claims.

13. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant admits that Vohra affiliated physicians have treated patients for which Defendant/ Counterclaim Plaintiff has provided wound care supplies, but denies the remaining allegations contained in this paragraph.

14. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph, and states that facilities are not lawfully exclusive to Defendant/Counterclaim Plaintiff.

**KUNG & BROWN**
214 South Maryland Parkway
Las Vegas, Nevada 89101
Tel: (702) 382-0883 / Fax: (702) 382-2720

15. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant admits that in late 2017 it implemented a wound care dressing program as part of its business model and that Vohra entities are for-profit authorized providers of both wound care physician services and associated wound care treatment products in certain states to eligible Medicare Part B patients, but denies the remaining allegations contained in this paragraph.

16. Plaintiff/ Counter-Defendant Plaintiff/ Counter-Defendant admits that the relationship that had existed between Gordian clinical specialists and Vohra affiliated Physicians changed after Plaintiff/ Counter-Defendant implemented its wound care dressing program (as exhibited by Defendant/ Counterclaim Plaintiff's unlawful and wrongful acts), but denies the remaining allegations contained in this paragraph.

17. Plaintiff/ Counter-Defendant admits that Vohra affiliated physicians have prescribed wound care dressings from Vohra's wound care dressing program, but denies the remaining allegations contained in this paragraph.

18. Plaintiff/ Counter-Defendant admits that Vohra affiliated physicians might not be the only physician group treating patients at a long term care facility. Vohra affiliated physicians respect the patients' freedom of choice to order supplies from a supplier of their choice; does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of this paragraph, and therefore, denies those allegations; and denies the remaining allegations of this paragraph.

19. Plaintiff/ Counter-Defendant denies the allegations in this paragraph. Vohra Physicians prescribe the wound care dressings and there is no medical necessity to notify the long term care facility ("LTC"), also commonly called a nursing facility, and any wound care dressings furnished and ordered are prescribed and the prescriptions are made with patient authorization and no authorization is required by the LTC; and does not have knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies those allegations. In fact the physician note clearly indicates that the physician will be dispensing and supplying dressings to his/her patient.

20.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

21.     Plaintiff/ Counter-Defendant admits that Vohra Medicare enrolled DMEPOS (Durable Medical Equipment, Prosthetics, Orthotics, and Supplies) suppliers dispense and bill for surgical wound dressings in compliance with applicable Medicare rules and regulations.

22.     Plaintiff/ Counter-Defendant admits that Medicare bills require a physician's signature and that bills are submitted to Medicare once a physician sign's the request, but denies the remaining allegations in this paragraph and disclaims any liability for Gordian's unlawful double billing to Medicare.

23.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

24.     Plaintiff/ Counter-Defendant admits that it may be improper for Gordian clinical specialists to accompany Vohra physicians on rounds or accompany any physicians on rounds with Vohra Patients, which may constitute the unauthorized practice of medicine or improperly substitute the judgment of the Gordian clinical specialist over that of the Vohra physician and/or the choice of Vohra Patients, but denies the allegations contained in this paragraph.

25.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

26.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

27.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

28.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

29.     Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph, denies any violation of federal and state anti-kickback laws, and denies that there is no compensation paid to Vohra physicians is related to the number of or volume of wound care

dressings prescribed.

30. This paragraph calls for a legal conclusion, to which no response is required.

31. Plaintiff/Counter-Defendant denies the allegations contained in this paragraph.

32. Plaintiff/ Counter-Defendant denies any unlawful kickbacks to its physicians.

33. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

34. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF
**(Tortious Interference With Contractual Relations)**

35. Plaintiff/ Counter-Defendant incorporate and reassert each of their responses to the like numbered paragraphs identified and incorporated by Defendants.

36. Plaintiff/ Counter-Defendant do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, deny those allegations.

37. Plaintiff/ Counter-Defendant do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, deny those allegations.

38. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

39. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

40. Plaintiff/ Counter-Defendant do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, deny those allegations.

41. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference With Business Relationships)

42. Plaintiff/ Counter-Defendant incorporate and reassert each of their responses to the like numbered paragraphs identified and incorporated by Defendants.

43. Plaintiff/ Counter-Defendant do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, deny those allegations.

44. Plaintiff/ Counter-Defendant do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, deny those allegations.

45. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

46. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

47. Plaintiff/ Counter-Defendant do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, deny those allegations.

48. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

## THIRD CLAIM FOR RELIEF
### (Defamation)

49. Plaintiff/ Counter-Defendant incorporate and reassert each of their responses to the like numbered paragraphs identified and incorporated by Defendants.

50. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

51. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

52. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

53. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

54. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

**KUNG & BROWN**
214 South Maryland Parkway
Las Vegas, Nevada 89101
Tel: (702) 382-0883 / Fax: (702) 382-2720

55. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

56. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

57. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

58. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

**FOURTH CLAIM FOR RELIEF**
**(False Advertising in Violation of the Lanham Act)**

59. Plaintiff/ Counter-Defendant incorporate and reassert each of their responses to the like numbered paragraphs identified and incorporated by Defendants.

60. Plaintiff/ Counter-Defendant admits that it is a competitor of Gordian in respect of the sale of wound care dressings, but denies the remaining allegations contained in this paragraph.

61. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

62. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

63. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

64. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

65. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

**FIFTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices Under N.R.S. § 598.0915)**

66. Plaintiff/ Counter-Defendant incorporate and reassert each of their responses to the like numbered paragraphs identified and incorporated by Defendants.

67. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

68. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

**SIXTH CLAIM FOR RELIEF**
**(Unfair Competition)**

69. Plaintiff/ Counter-Defendant incorporate and reassert each of their responses to the like numbered paragraphs identified and incorporated by Defendants.

70. Plaintiff/ Counter-Defendant Defendant denies the allegations contained in this paragraph.

71. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

72. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

73. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

74. Plaintiff/ Counter-Defendant denies the allegations contained in this paragraph.

## RESPONSE TO "PRAYER FOR RELIEF"

Plaintiffs/Counter-defendants deny all requested forms of relief and demands that judgment against Defendant/Counterclaimant dismissing the complaint with prejudice be entered and seeks judgment in favor of Plaintiff/Counter-Defendant against Defendant/Counterclaimant for costs, attorney's fees and any other remedy which the Court deems just and equitable.

## PLAINTIFFS/COUNTERCLAIM DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Plaintiff/Counter-Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise bear.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cognizable Claim)

The Counterclaim, and each purported cause of action asserted therein, fails to state a claim upon which relief can be granted. Among other deficiencies in the Counterclaim, the Counterclaim fails to meet the standard for pleadings set by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Towombly, 550 U.S. 544 (2007). Moreover, Plaintiff/ Counter-Defendant asserts that it has not engaged in the alleged conduct as complained of by Defendant/Counterclaimant.

*Kung & Brown*
214 South Maryland Parkway
Las Vegas, Nevada 89101
Tel: (702) 382-0883 / Fax: (702) 382-2720

Moreover, Plaintiff/ Counter-Defendant alleges that First and Second Counts fail because: (1) Plaintiff/ Counter-Defendant is a party to the alleged business relationship or contract at issue; (2) Plaintiff/ Counter-Defendant was acting to protect and promote their own economic or financial interest; (3) Plaintiff/ Counter-Defendant 's actions constitute lawful competition and any relationship or contract Defendant/ Counterclaimant may have had was terminable at will. Defendant/ Counterclaimant's Counterclaim indicates that Plaintiff/ Counter-Defendant and Defendant/ Counterclaimant previously worked for the same patients, with Plaintiff/ Counter-Defendant providing physician wound care services and Defendant/ Counterclaimant providing wound care products. The Counterclaim also alleges that Plaintiff/ Counter-Defendant has now moved into not only providing physician wound care services, but also the products that the physician prescribes for wound care treatment—to its very same patients. Thus, both before and after the alleged tortious conduct, Plaintiff/Counter-defendants had a business relationship with the patients whether providing physician wound care services or services and products. Therefore, any action taken by Plaintiff/Counter-defendants to grow, protect, or extend these relationships is not actionable.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant/Counterclaimant's claims are barred because of unclean hands by virtue of its own course of conduct in supplying or selling wound care products, including, without limitations, false statements it made to other with respect to its products and the lawfulness of activities of other parties and their products, knowing such actions and conduct preclude it from pursing the alleged claims against Plaintiff/ Counter-defendant.

Moreover, as detailed in Plaintiff/ Counter-defendant's complaint, Defendant/ Counterclaim Plaintiff comes to this court with unclean hands—soiled from its own efforts at keeping Plaintiff/ Counter-Defendant from gaining a market share through lawful competition.

### THIRD AFFIRMATIVE DEFENSE
(No Liability)

As Plaintiff/Counterclaimant has not engaged in the alleged conduct as complained of by Defendant/Counterclaimant, Plaintiff/Counter-Defendant asserts Defendant/Counterclaimant did not incur any damages. Any alleged damage allegedly suffered by Defendant/Counterclaimant was due to Defendant/Counterclaimant's affirmative actions, omissions and/or failures with respect to its marketing, sale and supply of its wound care products and does not give rise to any liability of Plaintiff/ Counterclaimant.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

By reason of Defendant/Counterclaimant's courses of conduct in supplying or selling wound care products and false statements it made to others with respect to its products and the lawfulness of activities of other parties and their products, Defendant/Counterclaimant is estopped from obtaining the relief sought, or any relief at all.

### ADDITIONAL DEFENSES

Because the Defendant/Counterclaimant's claims are conclusory terms and are simply unfounded, Plaintiff/Counter-Defendant cannot reasonably anticipate all applicable affirmative defenses. Plaintiff/ Counter-Defendant reserves the right to assert such additional affirmative defenses and other defenses as may appear and prove applicable during the course of the discovery and litigation.

WHEREFORE, having fully answered the Defendant/Counterclaimant's Counterclaim, Plaintiff/Counter-Defendant respectfully requests this Honorable Court:

A.   Enter a judgment in favor of Plaintiff/Counter-Defendant awarding nothing to Defendant/Counterclaimant;

B. Enter a judgment awarding Plaintiff/Counter-defendant's costs which they have incurred in defending this action;

C. Enter a judgment awarding Plaintiff/Counter-Defendant attorney fees which it has incurred in defending this action and the terms of any additional applicable contractual, statutory, legal or equitable right; and

D. Grant such other relief as this Court deems appropriate, equitable, and just.

DATED this 1st day of June, 2020.

Prepared and Submitted by:

**KUNG & BROWN**

/s/ A.J. Kung
A.J. Kung, Esq.
Nevada Bar No. 7052
Brandy Brown, Esq.
Nevada Bar No. 9987
214 S. Maryland Parkway
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Vohra Wound Physicians Management, LLC*

-and-

**DARROWEVERETT LLP**

/s/ Kevin P. Gildea
Kevin P. Gildea, Esq. (*admitted Pro Hac Vice*)
450 Seventh Avenue, Suite 1802
New York, NY 10123
Tel. (212) 335-2090
Fax (212) 335-2091
Email: kpgildea@darroweverett.com
*Attorneys for Plaintiff Vohra Wound Physicians Management, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2020, a true and correct copy of the foregoing PLAINTIFFS/COUNTER- DEFENDANT'S ANSWER TO COUNTERCLAIM was served pursuant to FRCP 5(b)(2)(E), via first class mail and the CM/ECF electronic filing system to all counsel and parties on the service list as follows:

Michael R. Hogue
Greenberg Traurig, LLP
10845 Griffith Peak Drive
Las Vegas, NV 89135
hoguem@gtlaw.com
Attorney for Defendant Gordian Medical, Inc.
*Via e-service*

William Scott Cameron
King & Spalding, LLP
621 Capitol Mall, Suite 1500
Sacramento, CA 95814
scameron@kslaw.com
Attorney for Defendant Gordian Medical, Inc.
*Via e-service*

         */s/ Sandy Guerra*
         An employee of Kung & Brown